# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| TRUDY HEMINGWAY, DANIEL MCGUIRE, MICHAEL MCGUIRE, and AARON CHRISTENSEN, individuals,<br><br>Plaintiffs,<br>v.<br><br>E. ROBERT RUSSO, et. al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:16-cv-00313-JNP-PMW<br><br>**District Judge Jill N. Parrish**<br><br>**Chief Magistrate Judge Paul M. Warner** |

District Judge Jill N. Parrish referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is a Short Form Motion to Compel Answers to Three Interrogatories (the "Motion") filed by Defendants E. Robert Russo, Christopher McHugh, Bradley Bailey, Daniel Bartlett, Daniel Morzelewski, Kevin Wyatt, and Cottonwood Heights City (collectively, the "Cottonwood Heights Defendants").[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 3.

[2] *See* docket no. 35.

The Cottonwood Heights Defendants move the court for an order compelling Plaintiffs to answer Interrogatory Nos. 2, 3, and 5 requesting that Plaintiffs state the factual basis for certain allegations (the "Allegations") set forth in Plaintiffs' amended complaint (the "Amended Complaint").[3] The subject of Interrogatory No. 2 is the allegation that Defendant E. Robert Russo ("Chief Russo") "has implemented a policy and practice that condones and encourages constitutional violation of the very type alleged by Plaintiffs."[4] The subject of Interrogatory No. 3 is Plaintiffs' allegation that "Chief Russo instructs officers in his employ faced with constitutional search and seizure situations to stop, arrest or search first, and justify the action later."[5] The subject of Interrogatory No. 5 is Plaintiffs' allegation that "Chief Russo commands loyalty and deters whistleblowers by gathering compromising information about his officers and testing the rank and file with questions like, 'Are you a rat?'"[6]

For each allegation, Interrogatory Nos. 2, 3, and 5 requests in relevant part, that Plaintiffs "state the factual basis for that allegation, . . . the identity of each person who has told you or your attorneys these things about Chief Russo, and state in detail what each such person said to you or your attorneys."[7]

Plaintiffs refused to identify the individuals who said these things about Chief Russo, and what each person said because, Plaintiffs allege, (1) the individuals'' identities and the content of

---

[3] Docket no. 25.

[4] Amended Complaint, docket no. 25, at ¶ 118; Plaintiffs Discovery Responses, docket no. 35-1, at 6.

[5] Docket no. 25, at ¶ 119; docket no. 35-1, at 10.

[6] Docket no. 2 at ¶ 121; docket no. 35-1, at 12.

[7] Docket no. 35-1, at 6, 10–12.

their communications are protected by attorney-client privilege and the work-product doctrine;[8] and (2) the source of these allegations is a non-retained expert whose identity or views are not discoverable.[9] In their opposition to the Motion, Plaintiffs also claim the requested information is protected by the common-interest doctrine.[10]

As an initial matter, the court notes that the allegations against Chief Russo in the Amended Complaint are serious. The court reminds Plaintiffs and their counsel that

> [b]y presenting to the court a pleading . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support, or if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b). If the factual allegations in the Amended Complaint are not supported by evidence, "the court may impose an appropriate sanction on any attorney, law firm, or party that violated [Rule 11(b)] or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

Turning to the substance of Plaintiffs' objections, the court concludes that neither the identities of those individuals who made the statements corroborating the allegations in the Amended Complaint as identified by Interrogatory Nos. 2, 3, and 5 (the "Individuals"), nor the

---

[8] *See id*. (Objection 1 and Objection 5 to Interrogatory No. 2, incorporated as objection to Interrogatory Nos. 3 and 5; Response 2 to Interrogatory No. 2, incorporated as response to Interrogatory No. 3; and Response 4 to Interrogatory No. 2, incorporated as response to Interrogatory Nos. 3 and 5.).

[9] *See id*. (Objection 4 to Interrogatory No. 2, incorporated as objection to Interrogatory Nos. 3 and 5; Response 1 to Interrogatory No. 2, incorporated as response to Interrogatory Nos. 3 and 5).

[10] *See* docket no. 39, at 2.

statements themselves (the "Statements"), are protected by the privileges and doctrines asserted by Plaintiffs.[11] The court will address each in turn.

## I. ATTORNEY-CLIENT PRIVILEGE

Plaintiffs claim that some of the statements supporting the allegations identified in Interrogatory Nos. 2 and 3 were made by the Individuals in a consultation with Plaintiffs' attorney for the purpose of obtaining legal advice about pursuing a class-action lawsuit against Chief Russo. Consequently, Plaintiffs' argue, the Individuals' identities and communications with Plaintiffs' counsel are protected by the attorney-client privilege.

To begin, the Individuals' *identities* are not protected by the attorney-client privilege as Plaintiff claims. *See In re Grand Jury Subpoenas*, 906 F.2d 1485, 1488 (10th Cir. 1990) ("It is well recognized in every circuit, including [the Tenth Circuit], that the identity of an attorney's client . . . [is] not normally protected by the attorney-client privilege.")

Next, "[b]ecause confidentiality is critical to the [attorney-client] privilege, it will be lost if the client discloses the substance of an otherwise privileged communication to a third party." *United States v. Ary*, 518 F.3d 775, 782 (10th Cir. 2008) (quotations and citation omitted). Here, the substance of the communications between the Individuals and Plaintiffs' counsel, as they

---

[11] In addition, Plaintiffs object to the Interrogatories because they are "overly broad and unduly burdensome because [they] seek[] a narrative of Plaintiffs' case" (docket no. 39-1 at 7, Objection 2 to Interrogatory No. 2, incorporated as objection to Interrogatory No. 3), and because "Plaintiffs have provided . . . all responsive information in their possession that they intend to use in their case in chief . . . ." (*id.*, Objection 3 to Interrogatory No. 2, incorporated as objection to Interrogatory Nos. 3 and 5). The Cottonwood Heights Defendants did not address these objections in the Motion, nor did Plaintiffs in their opposition to the Motion. Therefore, the court will not address these objections in the instant order.

4

relate to Interrogatory Nos. 2 and 3, has since been shared with third parties. Indeed, the Allegations were included in Amended Complaint. Therefore, any attorney-client privilege that may have protected these communications has been waived.

For the foregoing reasons, the court concludes that the attorney-client privilege does not prevent Plaintiffs from identifying the Individuals and disclosing the Statements to the extent they are responsive to Interrogatory Nos. 2 and 3.

## II. COMMON-INTEREST DOCTRINE

Plaintiffs assert that the common-interest doctrine applies as an exception to waiver of the attorney-client privilege. "The common interest doctrine . . . 'normally operates as a shield to preclude waiver of the attorney client privilege when a disclosure of confidential information is made to a third party who shares a *community of interest* with the represented party.'" *U.S. ex rel. (Redacted) v. (Redacted)*, 209 F.R.D. 475, 479 (D. Utah 2001) (emphasis in original) (quoting *Frontier Refining, Inc. v. Gorman–Rupp Co., Inc.,* 136 F.3d 695, 705 (10th Cir.1998)).

Whether Plaintiffs and the Individuals share a "community of interest" is immaterial here. The information provided by the Individuals has not only been shared with Plaintiffs, but, as noted above, is contained in the Amended Complaint—a document available to the general public. Consequently, the court concludes that the common-interest doctrine does not apply as an exception to waiver of the attorney-client privilege.

## III. WORK-PRODUCT DOCTRINE

Plaintiffs' argument that the information responsive to Interrogatory Nos. 2, 3, and 5 is protected by the work-product doctrine is unpersuasive. "The work product privilege protects against disclosure of the 'mental impressions, conclusions, opinions, or legal theories of an

attorney or other representative of a party concerning the litigation.'" *Resolution Tr. Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995) (quoting Fed. R. Civ. P. 26(b)(3)). Neither the identities of the Individuals, nor the Statements themselves qualify as work-product. Plaintiffs assert that notes of the meeting between Plaintiffs' counsel and these individuals and a draft of a summary judgment motion are protected by the work-product privilege.[12] The Cottonwood Heights Defendants' motion does not seek an order compelling Plaintiffs to disclose any such documents. Therefore, the court concludes that the work-product privilege is no bar to Plaintiffs' disclosure of the identities of the Individuals and the Statements sought by Interrogatory Nos. 2, 3, and 5.

## IV. NON-TESTIFYING EXPERT PRIVILEGE

Plaintiffs also invoke the non-testifying expert privilege, declining to respond to the Interrogatories on that basis. Fed. R. Civ. P. 26(b) limits discovery of "facts known or opinions held by an expert who has been retained . . . in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial." Fed. R. Civ. P. 26(b)(4)(D).

"The burden of establishing whether the Rule applies lies with" Plaintiffs, as the party invoking the protection of the Rule. *Arkansas River Power Auth. v. The Babcock & Wilcox Co.*, 310 F.R.D. 492, 495 (D. Colo. 2015). The court finds that Plaintiffs have failed to meet their burden of showing that the non-testifying expert privilege applies. Plaintiffs have provided no

---

[12] *See* docket no. 35-1, at 6, 10–12 (Objection 5 to Interrogatory No. 2, incorporated as objection to Interrogatory Nos. 3 and 5; Response 2 to Interrogatory No. 2, incorporated as response to Interrogatory No. 3; and Response 4 to Interrogatory No. 2); *see also* docket no. 39 at 2–3.

6

facts, evidence, affidavits, or any other information that would permit the court to evaluate their claim of privilege.

In addition, the facts known to the non-testifying expert underlying the allegations identified in Interrogatory Nos. 2, 3, and 5, have already been disclosed in the Amended Complaint. Plaintiffs cannot shield the source of such serious allegations by invoking Rule 26(b)(4)(D) after the fact. *See Kurlander v. Kroenke Arena Co., LLC*, No. 16-CV-02754-WYD-NYW, 2017 WL 3084473, at *6 (D. Colo. July 20, 2017) (declining "to extend the protections of Rule 26(b)(4)(D) to permit Defendant to essentially claw back information, already disseminated[.]")

Finally, the court notes that with respect to Interrogatory No. 5, there is a relevant exception to the non-testifying expert privilege. A party may obtain discovery from a non-testifying expert "on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means." Fed. R. Civ. P. 26(b)(4)(D). Plaintiffs assert that the *sole* source of the allegation identified in Interrogatory No. 5 is their non-testifying expert.[13] By Plaintiffs' own admission, this information can be obtained by no other means. For this additional reason, the non-testifying expert privilege does not apply to Interrogatory No. 5.

For the foregoing reasons, the court concludes that the identity of, and facts known to, Plaintiffs' non-testifying expert, to the extent they are responsive to Interrogatory Nos. 2, 3, and 5, are not protected by the non-testifying expert privilege asserted by Plaintiffs.

---

[13] *See* docket no. 39, at 2.

## CONCLUSION

The court is persuaded that no privilege bars Plaintiffs from identifying each person who made statements corroborating the allegations identified in Interrogatory Nos. 2, 3, and 5, and disclosing the facts underlying communicated by each individual.

Accordingly, the Motion is hereby GRANTED. Plaintiffs are ORDERED to provide complete responses to Interrogatory Nos. 2, 3, and 5 within fourteen (14) days of the date of this order.

IT IS SO ORDERED.

DATED this 25th day of October, 2017.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge