IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TRUDY HEMINGWAY, *et al.*, <br><br> Plaintiffs, <br> v. <br><br> E. ROBERT RUSSO, *et al.*, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION IN LIMINE** <br><br> Case No. 2:16-cv-00313 <br><br> District Judge Jill N. Parrish |

This matter comes before the court on the motion in limine filed by plaintiffs Trudy Hemingway, Daniel McGuire, Michael McGuire, and Aaron Christensen on November 8, 2018. (ECF No. 93). Defendants Christopher McHugh and Daniel Bartlett responded on November 15, 2018. (ECF No. 103). The court heard oral argument on this motion at the final pretrial conference on November 30, 2018. For the reasons below, plaintiffs' motion is granted.

### I.   ANALYSIS

Plaintiffs' motion in limine asks the court, in essence, to reaffirm the validity of Rule 408 of the Federal Rules of Evidence, which declares that:

> Evidence of the following is not admissible — on behalf of any party — either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
> (1) furnishing, promising, or offering — or accepting, promising to accept, or offering to accept — a valuable consideration in compromising or attempting to compromise the claim; and
> (2) conduct or a statement made during compromise negotiations about the claim — except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

Plaintiffs fail, as required by the trial order, to certify that they have met and conferred with defendants in an attempt to obviate the necessity of this motion. This omission is notable in light of plaintiffs' complete failure to frame the disputed evidence. They merely explain that they have settled claims against defendants, and that they have engaged in settlement negotiations with the remaining defendants. They appear to argue that those facts alone ought to compel this court to exclude all settlement-related evidence at the outset.

But this is overly simplistic. That settlement has occurred between certain of the parties, or that settlement negotiations have been conducted does not suffice to obtain a pretrial ruling that related evidence is categorically excluded. Indeed, settlement negotiations are likely to have occurred in virtually every case that goes to trial.

As the defendants point out, Rule 408 only bars settlement evidence if it is offered to prove or disprove the validity or amount of a disputed claim, or to impeach by a prior inconsistent statement made during settlement negotiations. Fed. R. Evid. 408. If offered for another purpose, Rule 408 does not prohibit the admission of settlement evidence.

Defendants' response suggests two potential uses of settlement-related evidence, neither of which, they argue, runs afoul of Rule 408. First, they contend that they are entitled to introduce evidence of plaintiffs' settlement with the Unified Police Department (the "UPD") defendants to show that it was the UPD, rather than Messrs. McHugh and Bartlett, who were responsible for the harm caused by the search. Second, they submit that evidence of that settlement can properly be used to demonstrate that plaintiffs' testimony is biased.

But even if these purposes are not prohibited by Rule 408, evading that bar does not render settlement evidence automatically admissible. Such evidence remains subject to the remaining rules of evidence, including the rules governing relevance. "Evidence is relevant if:

(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. And relevant evidence may nevertheless be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

As explained below, what minimal probative value the settlement agreement may have is substantially outweighed by the risk of confusing the jury and engendering unfair prejudice. As a result, plaintiffs' motion in limine is granted, and neither the fact of settlement nor the related evidence will be admitted at trial.

The court assumes, without deciding, that the defendants may deduct the amount of the UPD settlement from any recovery the plaintiffs obtain via jury award so as to avoid double recovery. After dispensing with this concern, the relevance of the UPD settlement appears nil.[1]

If the jury finds that the defendants violated the plaintiffs' constitutional rights, they will be liable for damages flowing from those violations—subject to the traditional constraints on tort recovery. Plaintiffs allege, among other claims, that but for the unconstitutional conduct of

---

[1] Defendants also argue that they may permissibly use the UPD settlement to "to impeach Plaintiffs [sic] sudden shift in testimony and/or theory so as to now seek to hold the Cottonwood Heights Defendants responsible for the actions of the UPD Defendants." Indeed, Rule 408 contemplates that settlement evidence may be admitted to prove "a witness's bias or prejudice." But this theory of witness bias involving the UPD settlement is convoluted. If any of the plaintiffs testify in contradiction of statements made at an earlier point in time, the Federal Rules of Evidence prescribe procedures to facilitate an examiners' demonstration of such inconsistency. Given that the theories of liability stem from alleged misstatements and omissions in the procurement of a search warrant by the defendants, it is far from clear how the fact of settlement with the UPD can demonstrate the plaintiffs' bias. Even if defendants can disentangle this highly nuanced proposed impeachment use, the risk of jury confusion and unfair prejudice would substantially outweigh any possible probative value.

Messrs. McHugh and Bartlett, they would not have been forced to endure the search. The court cannot conceive of any theory whereby the defendants can nevertheless seek to shift some of that liability to the UPD at trial. There has been no allegation that the UPD participated in the warrant application, and though there may have been theories of liability involving the UPD defendants' conduct in executing the warrant, those now-settled claims do not bear at all on the remaining defendants' liability.

The defendants' proposed special verdict form does not request that the jury allocate fault between the UPD and the defendants, presumably because there is no legal theory that would support such a question. And if there were some legal basis for allocating fault to the UPD, Rule 408 would almost certainly forbid the introduction of the settlement, because in that contingency it would be offered "to prove or disprove the validity . . . of a disputed claim."

In addition, UPD settlement-related evidence poses a substantial risk of unfair prejudice and jury confusion. The court will not permit the jury to speculate about the contents, and effect of, the settlement agreement absent a much more compelling theory of relevance. Accordingly, the UPD settlement will be excluded under Rule 403 of the Federal Rules of Evidence.

As explained at the final pretrial conference, the court will give a preliminary instruction informing the jury that they are charged with adjudicating only those claims between the defendants and the plaintiffs, and that they are not to be concerned with any potential claims against individuals associated with the UPD. Defense counsel represented that he would submit a proposed instruction to that effect by December 4, 2018.

## II. ORDER

For the reasons articulated, plaintiffs' Motion in Limine (ECF No. 93) is **GRANTED.** Any reference to or evidence regarding the UPD settlement is hereby excluded. Taking into

account defendants' forthcoming proposed instruction, the court will include a limiting instruction in the preliminary jury instructions.

Signed December 4, 2018

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge