IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TRUDY HEMINGWAY, *et al.*, <br><br> Plaintiffs, <br> v. <br><br> E. ROBERT RUSSO, *et al.*, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER RE: JURY INSTRUCTIONS** <br><br> Case No. 2:16-CV-313 <br><br> District Judge Jill N. Parrish |

This matter comes before the court on the parties' proposed jury instructions. (ECF No. 99). The court has carefully considered both parties' instructions, their objections thereto, (ECF Nos. 112 and 114), and their briefs in support of their preferred instructions, (ECF Nos. 118 and 120). The instructions formulated by the court are attached hereto,[1] but the court issues this order to more fully explain its decision to omit certain instructions proposed by the parties.

## I. QUALIFIED IMMUNITY

Defendants have proposed multiple final substantive jury instructions—and questions on the special verdict form—that would effectively submit the entire issue of qualified immunity to the jury. For the reasons below, these instructions will be omitted.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional

---

[1] The court attempted to craft instructions that state the law in plain language and avoid unnecessary duplication. The parties may object to these instructions or propose additional instructions no later than 5:00pm on Tuesday, December 11, 2018. Any objections not submitted by that time shall be deemed waived. The opportunity to object and propose additional instructions should not be taken as an invitation to restate objections already made in the parties' voluminous briefing in connection with the jury instructions.

rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "A clearly established right is one that is 'sufficiently clear that every reasonable official would have understood' the contours of the right." *Brown v. City of Colo. Springs*, 709 F. App'x 906, 913 (10th Cir. 2017) (quoting *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015)). When a court determines that "the law was clearly established, the immunity defense ordinarily should fail, since a reasonably competent public official should know the law governing his conduct." *Harlow*, 457 U.S. at 818–19.

"Nevertheless, if the official pleading the defense claims extraordinary circumstances and can prove that he neither knew nor should have known of the relevant legal standard, the defense should be sustained." *Id.* "The circumstances must be such that the defendant was so 'prevented' from knowing that his actions were unconstitutional that he should not be imputed with knowledge of a clearly established right." *Roska ex rel. Roska v. Peterson*, 328 F.3d 1230, 1251 (10th Cir. 2003) (quoting *Cannon v. City & Cty. Of Denver*, 998 F.2d 867, 874 (10th Cir. 1993)).

Thus, in extraordinary circumstances, a defendant may be entitled to qualified immunity notwithstanding that he violated a constitutional right of which a reasonable person would have been aware. This carve-out contemplates cases in which certain facts would render a defendant's conduct objectively reasonable even though it violated a clearly established constitutional right. For example, in *V-1 Oil Co. v. State of Wyoming Department of Environmental Quality*, the Tenth Circuit concluded that the right at issue was clearly established. 902 F.2d 1482, 1488 (10th Cir. 1990). Nevertheless, it held that

> [A] reasonable officer in [defendant's] position—that is, an officer who conducts a warrantless search on the same day he was advised by fully informed, high-ranking government attorneys that a particular statute, which had not yet been tested in any court, lawfully authorized that particular search—should not be

expected to have known that the search was unconstitutional. . . . Because [defendant] was prevented by extraordinary circumstances from knowing the relevant legal standard, he is qualifiedly immune.

*Id.*[2]

This court's summary judgment order analyzed defendants' qualified immunity defense, and concluded that the rights at issue here were clearly established at the time of this search.[3] As explained above, "[a] clearly established right is one that is 'sufficiently clear that every reasonable official would have understood' the contours of the right." *Brown v. City of Colo. Springs*, 709 F. App'x 906, 913 (10th Cir. 2017) (quoting *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015)). When a court determines that "the law was clearly established, the immunity defense ordinarily should fail, since a reasonably competent public official should know the law governing his conduct." *Harlow*, 457 U.S. at 818–19. Thus, this facet of qualified immunity has

---

[2] The Tenth Circuit's guidance has not been entirely consistent as to what circumstances will be deemed sufficiently "exceptional" or "extraordinary" to justify submitting to the jury the question of whether a defendant's violation of a clearly established right is nevertheless objectively reasonable. But the factual disputes in this case do not mirror those in any of the Tenth Circuit's cases sustaining such an instruction. And that court's most recent treatment of the issue, *Gonzales v. Duran*, 590 F.3d 855, 860, evinces a highly circumscribed view of the types of cases in which such an instruction might be proper.

[3] On summary judgment, the court examined the objective reasonableness of the defendants' alleged conduct by reference to the clearly established law at the time of these events. With respect to defendant McHugh's qualified immunity defense to the claim alleging false statements or omissions in the warrant affidavit, the court reasoned as follows: "Here a reasonable official would have understood from *Franks* and *Stewart* that drafting a search warrant affidavit for the Taylorsville Residence with the material misstatement and omissions noted above violated Plaintiffs' rights. Consequently, McHugh is not entitled to qualified immunity from suit under § 1983 for submitting a misleading affidavit." (ECF No. 62 at 17). With respect to defendant Bartlett's qualified immunity defense to the claim alleging a failure to intervene to prevent McHugh's constitutional violation, the court reasoned that on the basis of clearly established Tenth Circuit precedent, "[a]ny reasonable officer, knowing what Bartlett knew, would have known it was his duty to intervene. Therefore, Bartlett is not entitled to qualified immunity." Finally, as to both defendants' qualified immunity defense to the claim alleging a failure to retreat once they knew, or reasonably should have known, that they were in a dwelling unit erroneously included within the terms of the warrant, the court explained that "pre-existing law was sufficiently clear that the unlawfulness of Bartlett [and] McHugh['s] actions was apparent."

already been decided. The only remaining issue for the jury is whether the plaintiffs have proven by a preponderance of the evidence that their constitutional rights were, in fact, violated. If the jury answers in the negative, defendants are not liable. But if they answer in the affirmative, the court has already concluded that those "right[s are ones] that [are] 'sufficiently clear that every reasonable official would have understood' the contours of [those rights]." *Brown*, 709 F. App'x at 913.

"[W]here the right is clearly established, a defendant should only 'rarely' be able to succeed with a qualified immunity defense." *Roska*, 328 F.3d at 1251. That is, in extraordinary circumstances, defendants may still be entitled to qualified immunity if they can establish facts that would render their violation of clearly established law objectively reasonable. But the defendants have not adduced, and the court cannot discern, any extraordinary circumstances in this case that would render the defendants' alleged violation of clearly established law objectively reasonable.[4]

---

[4] Even if the defendants could point to the possible existence of such facts, their proposed instruction would still be impermissible. The defendants propose that the jury, after having found that the defendants had violated the plaintiffs' constitutional rights, be asked to decide whether the defendants' conduct was nevertheless "objectively reasonable in light of legal rules clearly established at the time of the incident at issue and that they are, therefore, not liable." This approach is directly contrary to controlling precedent. The Tenth Circuit has prescribed the appropriate procedure "[i]n those few cases where qualified immunity may turn on a jury's resolution of discrete factual questions." *Gonzales*, 590 F.3d at 860. In such a case, the court is to send factual interrogatories to the jury, asking them to find the facts claimed by the defendant to render his conduct objectively reasonable. *Id.* "Once the jury determines the purely historical facts, the judge then decides the three legal questions of qualified immunity: whether the actions violated the plaintiff's constitutional rights, whether those constitutional rights were clearly established, and whether the objectively reasonable defendant 'would have known that his conduct violated that right.'" *Id.* at n.4. But defendants have not identified any such facts to submit to the jury.

## II.  FAILURE TO INTERCEDE TO PREVENT A CONSTITUTIONAL VIOLATION

The parties' proposed instructions include two claims for relief with no basis in law. Specifically, the second and fifth claims describe conduct that does not amount to a constitutional violation. Those claims allege that Messrs. McHugh and Bartlett each "failed to intervene when [they] had the knowledge, ability and realistic opportunity to prevent other police officers from relying on the unconstitutional warrant to force entry into Plaintiffs' home, search their home, and detain them."

As the court's memorandum decision and order on the parties' motions for summary judgment explained, the law is clearly established that

> "all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence. An officer who fails to intercede is liable for the preventable harm caused by the actions of the other officer where that officer observes or has reason to know . . . that any constitutional violation has been committed by a law enforcement official."

*Hall v. Burke*, 12 F. App'x 856, 861 (10th Cir. 2001). From this, the plaintiffs argue that each of the defendants committed a distinct constitutional violation by failing to intervene to prevent other officers from relying on a warrant that the defendants allegedly knew was constitutionally infirm. Defendants have apparently acquiesced in this interpretation. But it is not an accurate statement of law.

An officer's duty to intervene is predicated on his knowledge of another officer's constitutional violation. For example, because defendant Bartlett is alleged to have had knowledge of, and the opportunity to intervene to prevent, defendant McHugh's alleged commission of a constitutional violation in making material false statements or omissions in a warrant affidavit, he may be held liable for failing to do so.

5

But with claims two and five, there is no underlying constitutional violation by the officers executing the warrant that can serve as the predicate for a duty to intercede. Those law enforcement officers tasked with executing the facially valid warrant were entitled to rely on it (unless and until, during the search, they recognized or should have recognized its overbreadth).

Though there is little doubt that Messrs. McHugh and Bartlett could have prevented the warrant from being executed, their failure to intervene to avoid the effects of their own allegedly unconstitutional conduct in procuring the warrant does not give rise to a second, distinct constitutional violation. If the jury finds that McHugh and/or Bartlett violated the constitution in obtaining the warrant, they will already be liable for the foreseeable harms caused thereby—subject to the traditional constraints on tort recovery. Thus, to recover for harms suffered as a result of the search, the plaintiffs need not establish this secondary liability claim.

Accordingly, claims two and five have been omitted from the jury instructions.

Signed December 7, 2018

                                            BY THE COURT

                                            _____
                                            Jill N. Parrish
                                            United States District Court Judge